UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESON DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY | Civil Action No.:     2:26-cv-01898-RMG |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(Non-Jury)** |
| VONNIE PADGETT, AND MRC ENTERPRISES, INC. D/B/A COOK MOTOR COMPANY, | |
| Defendants. | |

COMES NOW, the Plaintiffs above named, Auto-Owners Insurance Company ("Auto-Owners"), complaining of the Defendants above named, alleges and states that:

**Introduction, Jurisdiction, & Parties**

1.  Auto-Owners is a corporation organized and existing under the laws of the State of Michigan qualified to do business in South Carolina, who was, at all times referred to herein, having its principal place of business in the State of Michigan.

2.  Defendant, Vonnie Padgett ("Padgett") is, upon information and belief, a citizen and resident of Colleton County, South Carolina.

3.  Defendant, MRC Enterprises, Inc. d/b/a Cook Motor Company ("MRC"), upon information and belief, is a corporation organized and existing under the laws of South Carolina, which, at all times relevant thereto, owned property and transacted business in Berkeley County, South Carolina.

4.  Upon information and belief, this Court has both personal and subject matter jurisdiction over this matter and venue is proper in the Charleston Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive

1

of costs and interest. Upon information and belief, an actual case and controversy exists regarding the interpretation of an insurance policy sold by Auto-Owners to MRC for which benefits are sought arising out of a lawsuit filed in Charleston County, South Carolina as will be further explained *infra*.

5. This action is brought pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201 (Supp. 2002) and seeks a declaration that the tailored protection garage liability and dealers blanket insurance policy issued by Auto-Owners to MRC does not provide liability insurance coverage in the underlying lawsuit between Defendants.

6. Venue is proper in this Division pursuant to 28 USC § 1391(b)(1)-(2) as one or more Defendants reside in counties within this Division and the most substantial part of the events giving rise to this claim occurred in a county within this Division.

**The Policies**

7. Auto-Owners Insurance Company issued a tailored protection garage liability and dealers blanket insurance policy to MRC Enterprises, Inc. d/b/a Cook Motor Company bearing policy number 47-857-467-05 (hereinafter referred to as the "Policy") that was in effect from November 11, 2022, until November 11, 2022. (A certified copy of the Policy is attached as Exhibit A and incorporated herein by reference). The Policy was issued, formed, and delivered in South Carolina. The Policy provides for a per occurrence limit of $1,000,000.

8. South Carolina law applies to the interpretation of the Policy.

9. The Policy states in relevant part:

**TAILORED PROTECTION POLICY**

**SECTION I – DEFINITIONS**

B.       "Advertising Injury" means injury arising out of one or more of the following offenses:

2

       1.      Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services in your advertisement;

       2.      Oral or written publication, in any manner, of material that violates a person's right of privacy in your advertisement;

       3.      The use of another's advertising idea in your advertisement; or

       4.      Infringing upon another's copyright, trade dress or slogan in your advertisement.

C.      "Auto" means a land motor vehicle, trailer or semi-trailer including any attached machinery or equipment. But auto does not include farm implement nor mobile equipment.

D.      "Bodily injury" means bodily injury, bodily sickness, or bodily disease sustained by a person, including death resulting from any of these at any time.

L.      "Impaired property" means tangible property, other than your product or your work, that cannot be used or is less useful because:

       1.      It incorporates your product or your work that is known or thought to be defective, deficient, inadequate or dangerous; or

       2.      You have failed to fulfill the terms of a contract or agreement

If such property can be restored to use by:

       1.  The repair, replacement, adjustment or removal of your product or your work; or
       2.  Your fulfilling the terms of the contract or agreement.

M.      "Insured" means any person or organization qualifying as such under Section III- WHO IS AN INSURED.

R.      "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

W.      "Property damage" means:

       1.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

       2.      Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the occurrence that caused it.

BB.      "Suit" means a civil proceeding in which damages because of bodily injury, property damage, personal injury or advertising injury to which this insurance applies are alleged. Suit includes:

1.  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

2.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

JJ.  "Your product":

1.  Means:

   a.  Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      1.  You;
      2.  Others trading under your name; or
      3.  Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

2.  Includes:

   a.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your product; and
   b.  The providing of or failure to provide warnings or instructions.

3.  Does not include vending machines or other property rented to or located for the use of others but not sold.

KK.  "Your work:

1.  Means:
   a.  Work or operations performed by you or on your behalf; and
   b.  Materials, parts or equipment furnished in connection with such work or operations.

2.  Includes:
   a.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your work; and
   b.  The providing of or failure to provide warnings or instructions.

LL.  You or your means the first named insured shown in the Declarations and if an individual, your spouse who resides in the same household.

**SECTION II – COVERAGE**

**Coverage A – Personal Liability Bodily Injury And Property Damage Liability (Other Than Auto)**

1.  COVERAGE

a. Bodily Injury And Property Damage Liability (Other Than Auto)

   **(1)** We will pay those sums that you become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies. We will have the right and duty to defend you against any suit seeking those

4

damages. We may at our discretion investigate any claim or occurrence and settle any claim or suit that may result. But:

 a) The amount we will pay for damages is limited as described in Section IV -Limits of Insurance; and

 b) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under bodily injury, property damage or medical payments.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

2.     EXCLUSIONS

 a. Bodily Injury And Property Damage Liability (Other Than Auto) and Bodily Injury And Property Damage Liability (Auto)

This insurance does not apply to:

(4) Damages claimed for any loss, cost or expense incurred by any person or organization or others for loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(a) Your product;

(b) Your work; or

(c) Impaired property

if such product, work, or property is removed or recalled from the market or from use because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

 b. Bodily Injury And Property Damage Liability (Other Than Auto)

This insurance does not apply to:

(4) Property damage to impaired property or property that has not been physically injured, arising out of:

(a) A defect, deficiency, inadequacy or dangerous condition in your product or your work;

(5) *Property damage* to *your product* arising out of it or any part of it.

**Factual Allegations**

10. On March 26, 2026, Vonnie Padgett commenced a lawsuit in Charleston County, South

Carolina styled as:   Vonnie Padgett v. MRC Enterprises, Inc, et al, C/A. No.:  2026-CP-10-

5

01595 (hereinafter "the Underlying Lawsuit") (A copy of the Underlying Lawsuit is attached as Exhibit B). The Underlying Lawsuit is adopted by reference as if fully set forth herein.

11. The Underlying Lawsuit alleges three causes of action against MRC, to wit: 1) breach of contract accompanied by a fraudulent act; 2) fraud/misrepresentation; and 3) recission.

12. The Underlying Lawsuit alleges that MRC acted improperly with regard to the sale of the vehicle identified as a 2009 GMC Acadia, bearing MVI or Serial No.: 1GKEV23D39J203817 (the "Subject Vehicle"). On or about March 30, 2023, Padgett purchased the Subject Vehicle from MRC. The Underlying Lawsuit alleges following Padgett's purchase of the Subject Vehicle, MRC assured Padgett the Subject Vehicle would be fixed and inspected by a mechanic. On or about April 1, 2023, Padgett took possession of the Subject Vehicle.

13. The Underlying Lawsuit alleges that after taking possession of the Subject Vehicle, Padgett discovered various defects with the Subject vehicle, including a defective oil sending unit and #4 ignition coil, as well as intake gasket problems. Upon information and belief, these defects do not constitute "bodily injury", "property damage", "personal injury" or "advertising injury" as defined by the Policy, nor is an "occurrence" alleged as defined by the Policy.

14. The Underlying Lawsuit alleges that MRC made certain allegedly false representations to Padgett in order to induce her into purchasing the Subject Vehicle and that MRC acted with "reckless disregard for the truth or falsity of his representations."

15. The Underlying Lawsuit has been defended by Auto-Owners pursuant to a reservation of rights.

16. Auto-Owners now seeks declaratory relief that it is not required to defend or indemnify MRC for the Underlying Lawsuit.

17. The Underlying Lawsuit does not allege an "occurrence" that resulted in "bodily injury", "property damage", "personal injury" or "advertising injury" as defined by the Policy.

18. Auto-Owners brings this action seeking a declaration from this Honorable Court that it is under no duty or obligation, pursuant to the Policy, to defend and/or indemnify the Defendants for any matters relating to the Underlying Lawsuits, or any judgment arising therefrom, and further, that if "bodily injury", "property damage", "personal injury", and/or "advertising injury" are present, that the aforementioned endorsement is applicable and serves as an exclusion to coverage.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment Action)

19. Auto-Owners re-alleges and re-avers the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Auto-Owners is informed and believe that this Honorable Court has the power pursuant to 28 U.S.C. § 2201 to decide and determine the issues presented in this action and may enter a final judgment with respect to these issues.

21. Auto-Owners alleges that no coverage exists under the Policy for the acts and/or omissions complained of in the Underlying Lawsuit, and Auto-Owners is therefore entitled to an Order and judgment declaring that it is under no duty or obligation, pursuant to the Policy, to defend and/or indemnify MRC for any matter whatsoever relating to the Underlying Lawsuit, or any judgment arising therefrom.

WHEREFORE, Auto-Owners prays that this Honorable Court issue an Order declaring that it is under no obligation or duty to defend and/or indemnify MRC in any manner regarding the Underlying Lawsuit, or any judgment arising therefrom, and for such other and further relief

as this Honorable Court may deem just and proper.

Dated this  8th  day of May, 2026.          WALL TEMPLETON & HALDRUP, P.A.

                                             s/Morgan S. Templeton
                                             Morgan S. Templeton  (Fed ID # 7187)
                                             145 King Street, Suite 300
                                             Post Office Box 1200
                                             Charleston, South Carolina 29402
                                             Telephone: (843) 329-9500
                                             **Attorney for the Plaintiff**

8