Exhibit "B"

ELECTRONICALLY FILED - 2026 Mar 26 3:41 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1001595

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | CIVIL ACTION NO.:   2026-CP-10- |
| | ) | |
| VONNIE PADGETT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **SUMMONS** |
| v. | ) | *(Jury Trial Requested)* |
| | ) | |
| MRC ENTERPRISES, INC. d/b/a COOK | ) | |
| M OTOR COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at 101 Mulberry St E, Hampton, SC 29924, P.O. Box 487, Hampton, SC 29924, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

PARKER LAW GROUP, LLP

BY:    ___*s/V. Caitlin Ball*___
V. Caitlin Ball, Esquire
Bar # 105497
101 Mulberry St E,
Post Office Box 487
Hampton, SC 29924
(803) 903-1781 Main
cball@parkerlawgroupsc.com

ATTORNEY FOR PLAINTIFF

March 26, 2026
Hampton, South Carolina

*Exhibit "B"*

ELECTRONICALLY FILED - 2026 Mar 26 3:41 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1001595

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF CHARLESTON | ) | CIVIL ACTION NO.:   2026-CP-10- |
| | ) | |
| VONNIE PADGETT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | *(Jury Trial Demanded)* |
| | ) | |
| MRC ENTERPRISES, INC. d/b/a COOK | ) | |
| MOTOR COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Plaintiff alleges:

1.      Plaintiff, Vonnie Padgett, (hereinafter "Plaintiff") is a citizen and resident of Colleton County, South Carolina.

2.      Upon information and belief, the Defendant, MRC Enterprises d/b/a Cook Motor Company, (hereinafter "Defendant") is a company existing and operating in the state of South Carolina.

3.      On or about March 30, 2023, the Plaintiff did purchase from Defendant, a 2009 GMC Acadia, bearing MVI or Serial No.: 1GKEV23D39J203817, (hereinafter "Subject Vehicle").

4.      That the purchase price of the subject vehicle was $15,866.32 at which time the Plaintiff financed through Westlake Financial.

5.      At the time the Plaintiff purchased the subject vehicle, she was assured by the Defendant MRC that the "skipping" would be fixed and the mechanic would "go over" the vehicle to fully check it out before the vehicle would be delivered to them.

6.      On or about April 1, 2023, Defendant notified the Plaintiff and her son that the subject vehicle was ready and could be picked up.

SCCA 401 (5/02)                                          2

Exhibit "B"

ELECTRONICALLY FILED - 2026 Mar 26 3:41 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1001595

7.       After driving the first day of driving the subject vehicle, the Plaintiff and her son noticed the subject vehicle had an oil leak and was still "skipping," so they notified Defendant of the issues and Defendant instructed them to take the vehicle to McElveen in Summerville, South Carolina.

8.       McElveen discovered a defective oil sending unit and #4 ignition coil and intake gasket problems, which cost the Plaintiff various out of pocket charges.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract Accompanied by a Fraudulent Act)

9.       The above allegations are incorporated herein as if rewritten verbatim.

10.       Plaintiff and Defendant entered into a valid agreement whereby Plaintiff purchased the subject vehicle from the Defendant, which Plaintiff financed through Defendant Westlake Financial.

11.       At the time of the purchase, certain representations were made to the Plaintiff and were an integral part of the Plaintiff's decision to purchase the subject vehicle; that had the representations not been made, the Plaintiff would not have purchased the vehicle.

12.       That due to the actions of the Defendant, the Plaintiff has now suffered a complete loss of her vehicle, as well as damage to her credit history.

13.       The representations made by the Defendant were both false and Defendant knew or had reckless disregard for the truth or falsity of his representations.

14.       As a direct and proximate result of Plaintiff's justified reliance on the Defendant's misrepresentations; Plaintiff is entitled to recover from the Defendant actual, consequential, and punitive damages to be determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION
### (Fraud/Misrepresentation)

15.       The above allegations are incorporated herein as if rewritten verbatim.

*Exhibit "B"*

ELECTRONICALLY FILED - 2026 Mar 26 3:41 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1001595

16.     Defendant represented to Plaintiff that the subject vehicle was in good mechanical condition.

17.     This statement was in fact false in that the subject vehicle had mechanical issues.

18.     These representations were material to Plaintiff's purchase of the subject vehicle.

19.     Defendant did in fact know that these statements were false, or in the event that Defendant failed to know they were false, he exercised reckless disregard as to the issue.

20.     Defendant knew that this issue was in fact important to Plaintiff and that his representation was acted upon.

21.     By not disclosing the information concerning the poor mechanical condition of the subject vehicle, it was much more likely that Plaintiff would purchase the subject vehicle.

22.     Plaintiff had no knowledge that the subject vehicle was not in good mechanical condition and safe to drive.

23.     Plaintiff relied upon the representations of the Defendant and trusted that the subject vehicle was safe and in good mechanical condition as described by Defendant.

24.     Plaintiff had no reason not to rely upon the representations of Defendant.

25.     As a result of Plaintiff's reliance upon the Defendant's representations, Plaintiff has been damaged or injured as a result of the fraudulent conduct of Defendant.

## FOR A THIRD CASE OF ACTION
### (Recission)

26.     The allegations of the above "Causes of Action" are incorporated as if written.

27.     At the time the Plaintiff purchased the subject vehicle, certain representations were made as to the promised repairs to the condition of the vehicle; that the Plaintiff was told the promised repairs had been made and an overall mechanical review had been made prior to the Plaintiff picking

SCCA 401 (5/02)                                          4

*Exhibit "B"*

ELECTRONICALLY FILED - 2026 Mar 26 3:41 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1001595

up the vehicle; that the vehicle has failed to live up to those representations and as such the Plaintiff is entitled to a recission of the sale and have the entire purchase price returned.

WHEREFORE, Plaintiff prays for judgement against the Defendant for actual damages, together with punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

PARKER LAW GROUP, LLP

BY: _____*s/V. Caitlin Ball*_____
V. Caitlin Ball, Esquire
Bar # 105497
101 Mulberry St E,
Post Office Box 487
Hampton, SC 29924
(803) 903-1781 Main
cball@parkerlawgroupsc.com

ATTORNEY FOR PLAINTIFF

March 26, 2026
Hampton, South Carolina